198 So. 433
## STATE v. BIRMINGHAM BEAUTY SHOP.
6 Div. 675.

Court of Appeals of Alabama.

June 11, 1940.

Rehearing Denied June 29, 1940.

Reversed on Mandate Nov. 6, 1940.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley, and J. Edw. Thornton, Asst. Attys. Gen., for appellant.

546

Wm. B. McCollough, of Birmingham, for appellee.

RICE, Judge.

This is an appeal by the State from a judgment rendered in favor of the defendant (appellee) in an action at law for privilege license for the license year 1935–1936.

The case was submitted in the lower court on a complaint which claimed the privilege license for operating a "beauty parlor with ten operators"—levied under Schedule 21 of Section 348 of the Revenue Code of 1935. Gen.Acts 1935, pp. 256, 447.

Issue was taken on the complaint by a plea in short by consent of the general issue.

The case was tried upon an agreed statement of facts, which appears in the report of this case.

Schedule 21 of Section 348 of the Revenue Code of 1935, supra, reads in pertinent part as follows, to-wit: "Each person operating what is generally known as a Beauty Parlor, or other place where hair dressing, facial treatments, manicuring, or hair waving is done shall pay a license of ten dollars ($10.00) and for each operator so employed, as follows: In cities of more than sixty thousand (60,000) inhabitants, six dollars ($6.00)."

Aggressive, resourceful, and ingenious counsel for the State has treated us to a rather elaborate dissertation on the theory of taxation, as announced by Adam Smith; and has given to us a very learned disquisition—with ample citation of authorities—on the principles of statutory construction; all brought forth in his desire that we attribute to the little word "so," where it appears in Schedule 21 of Section 348 of the Revenue Code of 1935, supra, a meaning which would support the theory of the State in this litigation. But if we agreed with his argument as to the meaning of the word "so"—and it

is indeed a brilliant argument—still, or yet, we do not think that would result in a reversal of the judgment.

To us it seems perfectly plain—as it did to the learned nisi prius judge—that the intention of the Legislature by the enactment of this Schedule 21 of Section 348 of the Revenue Code of 1935 was to exact from each person operating what is generally known as a Beauty Parlor, or other place where hair dressing, facial treatments, manicuring, or hair waving is done—a license of $10 (with, of course, $5 additional for the county)—and (to exact from each such person) for each operator so employed by said person "as follows,"—i. e., here, $6.

And that concludes the matter for us.

If it be thought that the construction we have placed upon the said Schedule 21 operates to cause those working upon the premises of said "each [such] person operating what is generally known as a Beauty Parlor," etc.—but not employed by such person—to be able to ply their trade without being licensed, attention is called to Schedule 86 of Section 348 of the said Revenue Code of 1935, supra, which takes care of this situation.

All that other argument of the State's counsel as to the hardship, or burden, placed upon the license inspector, in placing upon him the duty of "ascertaining the legal conclusion of whether the particular operator occupied the relationship of master—servant or principal and independent contractor;" or the counsel's criticism of the holding by the trial court (as evinced in his judgment here under review) "that the privilege license for operating a beauty parlor depends upon the relationship between the operator of the shop and those engaged in doing beauty shop work on the premises" leaves us unimpressed.

We do not make the laws. We merely declare them.

The judgment is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of State v. Birmingham Beauty Shop, 6 Div. 727, 198 So. 435.